**E-FILED; Anne Arundel Circuit Court**
**Docket: 9/3/2020 12:36 PM; Submission: 9/3/2020 12:36 PM**

IN THE CIRCUIT COURT FOR <u>Anne Arundel County</u>

(City or County)

**CIVIL - NON-DOMESTIC CASE INFORMATION REPORT**

**DIRECTIONS**

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT CASE NUMBER <u>02-C-20-001093</u>

(Clerk to insert)

**CASE NAME:** <u>JAMES JAFFE</u> vs. <u>SANTANDER CONSUMER USA</u>

Plaintiff — Defendant

**PARTY'S NAME:** James Jaffe     **PHONE:**

**PARTY'S ADDRESS:** 10538 Beechwood Drive, Waldorf, MD 20601

**PARTY'S E-MAIL:**

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Peter A. Holland     **PHONE:** 410-280-6133

**PARTY'S ATTORNEY'S ADDRESS:** 914 Bay Ridge Rd., Ste. 230, Annapolis, MD 21403

**PARTY'S ATTORNEY'S E-MAIL:** peter@hollandlawfirm.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:** ____ hours <u>3</u> days

**PLEADING TYPE**

**New Case:** ☒Original ☐ Administrative Appeal ☐ Appeal

**Existing Case:** ☐Post-Judgment ☐ Amendment

*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

**IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)**

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☒ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)     Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

☐ Abatement
☐ Administrative Action
☐ Appointment of Receiver
☐ Arbitration
☐ Asset Determination
☐ Attachment b/f Judgment
☐ Cease & Desist Order
☐ Condemn Bldg
☐ Contempt
☐ Court Costs/Fees
☐ Damages-Compensatory
☐ Damages-Punitive

☐ Earnings Withholding
☐ Enrollment
☐ Expungement
☐ Findings of Fact
☐ Foreclosure
☐ Injunction
☐ Judgment-Affidavit
☐ Judgment-Attorney Fees
☐ Judgment-Confessed
☐ Judgment-Consent
☐ Judgment-Declaratory
☐ Judgment-Default

☐ Judgment-Interest
☐ Judgment-Summary
☒ Liability
☐ Oral Examination
☐ Order
☐ Ownership of Property
☐ Partition of Property
☐ Peace Order
☐ Possession
☐ Production of Records
☐ Quarantine/Isolation Order
☐ Reinstatement of Employment

☐ Return of Property
☐ Sale of Property
☐ Specific Performance
☐ Writ-Error Coram Nobis
☐ Writ-Execution
☐ Writ-Garnish Property
☐ Writ-Garnish Wages
☐ Writ-Habeas Corpus
☐ Writ-Mandamus
☐ Writ-Possession

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.  ☐Liability is not conceded, but is not seriously in dispute. ☒Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☒ Over $100,000

☐ Medical Bills $_____      ☐ Wage Loss $_____      ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | | | |
|---|---|---|---|---|---|
| A. Mediation | ☐Yes | ☒No | C. Settlement Conference | ☒Yes | ☐No |
| B. Arbitration | ☐Yes | ☒No | D. Neutral Evaluation | ☐Yes | ☒No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*    ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less          ☒ 3 days of trial time

☐ 1 day of trial time               ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
       Defendant's response                 Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff........................................ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | |
|---|---|
| 09/03/2020 | /s/ Peter A. Holland |
| Date | Signature of Counsel / Party |
| 914 Bay Ridge Rd., Ste. 230 | PETER A. HOLLAND |
| Address | Printed Name |
| Annapolis          MD          21403 | |
| City          State          Zip Code | |

JAMES JAFFE
10538 Beechwood Drive
Waldorf, MD 20601


individually and on behalf of all others
similarly situated

        ,Plaintiffs,

    v.


SANTANDER CONSUMER USA, INC.
565 Fifth Ave., New York, NY 10017
Serve On:
    The Corporation Trust, Incorporated,
    2405 York Road, Suite 201
    Lutherville Timonium MD 21093-2264


        Defendant.

IN THE CIRCUIT COURT

FOR

ANNE ARUNDEL COUNTY,

MARYLAND

        C-02-CV-20-001693

Case No. _____

## CLASS ACTION COMPLAINT

### &

## REQUEST FOR JURY TRIAL

This case concerns the failure to defendant to comply with their foundational duties under the Equal Credit Opportunity Act, 28 U.S.C. § 1691, et seq. ("ECOA") to provide timely notice of adverse action to applicants for credit. In support of his claims, Plaintiff states:

### PARTIES

1. Plaintiff James Jaffe is a resident of Charles County, Maryland.

2. A credit application was submitted by Jack Weingardner Chevrolet, Inc. ("JWC"), to Santander on behalf of Plaintiff.

3.  Defendant Santander Consumer USA, Inc. ("SANTANDER") is an Illinois Corporation with its principal office at 565 Fifth Ave., New York, NY 10017. Its resident agent is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium MD 21093-2264.

4.  SANTANDER is a creditor under ECOA as defined in 15 U.S.C.A. § 1691a(e) since it regularly arranges for the extension, renewal, or continuation of credit; and regularly acts an assignee or potential assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

5.  SANTANDER is a "user" under the Fair Credit Reporting Act, ¶ 1681, *et seq.* ("FCRA"). *See e.g. Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 973 (4th Cir. 1987).

6.  SANTANDER offers to JWC and the UNKNOWN DEALERS AND AGENTS defined below to enter into partnerships in which represents that (i) Santander has more than 15,000 active such partnerships throughout the United States, (ii) Santander has an 80% loan approval rate; and (iii) Santander assigns a dedicated relationship manager for each dealer partner.

7.  Notwithstanding its more than 15,000 partnerships with car dealers, SANTANDER does not have reasonable practices and procedures to ensure that that JWC and the UNKNOWN DEALERS AND AGENTS actually perform SANTANDER's duties under the ECOA that may be delegated to them.

8.  SANTANDER admits on its website that it has a duty to comply with ECOA and claims to be "committed to Fair Lending and treating consumers, customers and vendors with the utmost respect and fairness. Under the Equal Credit Opportunity Act (ECOA), Santander Consumer USA is prohibited from

2

discriminating in any aspect of the credit transaction." *See* https://santanderconsumerusa.com/legal/fair-lending (last September 1, 2020).

9.   SANTANDER has a history of lax oversight in its subprime auto loan practices. *See, e.g.* "Attorney General Frosh Announces $550 Million Settlement with Subprime Auto Financing Company Santander Consumer USA Inc." (https://www.marylandattorneygeneral.gov/press/2020/051920.pdf       last visited September 1, 2020).

10.   SANTANDER has always been able to identify without any undue burden the putative consumers entitled to recover benefits from its unfair and illegal conduct. *See e.g. USA v. Santander,* Case No 3:15-cv-00633-B (N.D. Tx. February 25, 2015); New Jersey v. Santander (https://www.njconsumeraffairs.gov/News/Pages/05192020.aspx)(last    visited September 1, 2020) ("Santander is also required to monitor auto dealers for possible embellishment or falsification of loan applicants' income information. In addition, Santander must contact the credit reporting agencies and request deletion of any information related to loan modifications and loan forgiveness resulting from the settlement."). *Id.*; "More than 9,000 Maryland consumers are eligible to receive restitution payments." ("Attorney General Frosh Announces $550 Million Settlement....", *supra*).

11.   Not named as parties to this complaint are other UNKNOWN DEALERS AND AGENTS of SANTANDER who arrange for SANTANDER to acquire loans from others as part of SANTANDER's continuation of credit to the putative class members.   These UNKNOWN DEALERS AND AGENTS are known to

3

SANTANDER and facilitate the transactions at issue in this case in the same manner that JWC performs (including in the manner described in the next two paragraphs).

12.    Not named as a party to this action, is ROUTEONE, LLC ("ROUTEONE").

     a.    ROUTEONE is based in Michigan and provides certain credit services in relation to the Plaintiffs and putative class members and also provides regulatory compliance services to JWC and UNKNOWN DEALERS AND AGENTS who seek out entities like SANTANDER to acquire their automobile financing contracts on the secondary market.

     b.    Specifically, ROUTEONE aids and assists JWC and UNKNOWN DEALERS AND AGENTS to submit, by electronic means through the use of its electronic portal, credit applications related to consumer, automobile financing contracts acquired on the secondary market by SANTANDER, and others. These services include the automobile finance contacts subject to this action relating to the Plaintiffs and the putative class members. More specifically, ROUTEONE's software provide by ROUTEONE to dealers like JWC facilitates SANTANDER's evaluation of automobile financing applications it may acquire on the secondary market in relation to the Plaintiffs and putative class members, establishes a buy rate for the transaction, and then communicates that buy rate to JWC and UNKNOWN DEALERS AND AGENTS, indicating that they will purchase the obligation at the designated buy rate if the transaction is consummated.

     c.    ROUTEONE also offers services to secondary market auto finance companies like SANTANDER by (i) connecting these secondary, finance

companies with JWC and other UNKNOWN DEALERS AND AGENTS seeking to sell automobile financing contracts on the secondary market and (ii) offering regulatory compliance services to secondary market automobile finance market entities like SANTANDER, and others including compliance required under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* and its implementing regulations. Although SANTANDER could have engaged ROUTEONE for ECOA compliance services, it elected not to do so and instead elected to not engage a vendor to ensure their activities were ECOA compliant. That business decision demonstrates the unreasonableness of SANTANDER's and omissions subject to this action.

    d. To facilitate its services to SANTANDER, ROUTE ONE regularly communicates and transmits electronic data to SANTANDER which (i) identifies the proposed borrowers' names and addresses and other contact information and (ii) contains the proposed financing contracts offered to them by JWC and other UNKNOWN DEALERS AND AGENTS.

    e. Based on their contractual relationships and agreement with ROUTE ONE, SANTANDER may also utilize ROUTE ONE to create customized reports of information including information that would identify the names of all consumers to whom they considered granting credit.

13. Not named as a party to this action, is DEALERTRACK, INC. ("DEALERTRACK"). DEALERTRACK is a Delaware corporation with its corporate headquarters and principal place of business at 3400 New Hyde Park Road, North Hills, New York 11042 and is a wholly owned subsidiary of Cox Automotive, Inc.

a. DEALERTRACK acts as a credit services business in relation to JWC and UNKNOWN DEALERS AND AGENTS who seek entities like SANTANDER to acquire automobile financing contracts on the secondary market related to the putative class members described *infra*. As part of DEALERTRACK's credit service business, it provides integrated software products and services designed to help JWC and UNKNOWN DEALERS AND AGENTS provide buying, borrowing, leasing, and service experience, including a portal and related products and services that connect JWC and UNKNOWN DEALERS AND AGENTS to lending institutions like SANTANDER to enable and facilitate their acquisition of car and truck sale and lease transactions on the secondary market for automobile finance contracts.

b. Specifically, DEALERTRACK aids and assists JWC and UNKNOWN DEALERS AND AGENTS to submit credit applications, by electronic means through the use of its electronic portal, related to consumer, automobile financing contracts acquired on the secondary market by SANTANDER, and others. These services include the automobile finance contacts subject to this action relating to certain of the putative class members. More specifically, DEALERTRACK facilitates SANTANDER's evaluation of automobile financing applications it may acquire on the secondary market in relation to the putative class members, establishes a buy rate for the transaction, and then communicates that buy rate to JWC and UNKNOWN DEALERS AND AGENTS, indicating that they will purchase the obligation at the designated buy rate if the transaction is consummated.

c. DEALERTRACK also offers services to secondary market auto finance

6

companies like SANTANDER by (i) connecting these secondary, finance companies with JWC and other UNKNOWN DEALERS AND AGENTS seeking to sell automobile finance contracts on the secondary market and (ii) offering regulatory compliance services to secondary market automobile finance market entities like SANTANDER, and others including compliance required under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* and its implementing regulations. Although SANTANDER could have engaged DEALERTRACK for ECOA compliance services, both elected not to do so and instead elected to not engage a vendor to ensure their activities were ECOA compliant. That business decision demonstrates the unreasonableness of SANTANDER's acts and omissions subject to this action.

d. To facilitate its services to SANTANDER, ROUTE ONE regularly communicates and transmits electronic data to SANTANDER which (i) identifies the proposed borrowers' names and addresses and other contact information and (ii) contains the proposed financial contracts offered to them by JWC and other UNKNOWN DEALERS AND AGENTS.

14. Not named as parties to this action are various "Credit Reporting Agencies" ("CRAs") as that term is defined under the FCRA, including TransUnion LLC, Experian Information Solutions Inc., and Equifax Information Service, LLC, which have written contracts with SANTANDER which (i) permit SANTANDER access to credit information related to the Plaintiffs and putative class members and (ii) allow SANTANDER to furnish credit information about their customers to the CRAs which the CRAs may publish and sell to others. In

these contractual relationships with the CRAs, SANTANDER agreed:

a.  The CRAs would provide services to SANTANDER for a fee by which SANTANDER can acquire consumer credit information about the Plaintiffs and putative class members.

b.  That when they utilize the CRAs' systems to acquire consumer credit information they had a permissible purpose for doing so.

c.  To secure the consumer credit information acquired by them from the CRAs in a safe and reasonable manner and only permit authorized employees to have access to the information.

d.  That the CRAs could also utilize SANTANDER's customer information to sell that consumer credit information to others.

e.  That SANTANDER would certify to the CRAs the accuracy of the customer information conveyed by them to the CRAs and would promptly notify the CRAs of any inaccuracies so that the false information could be corrected.

f.  That the CRAs and SANTANDER would exchange the consumer credit information about (i) the Plaintiffs and putative class members and (ii) SANTANDER's records electronically in data form which would become part of the commerce of electronic, consumer information that could be used for reporting purposes.

## JURISDICTION

15.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1691e(f) as a court of general jurisdiction.

16.  This Court has jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-102 because the Defendants routinely do business in Maryland

and the acts giving rise to this action were done in Maryland.

17. Venue is proper in Anne Arundel County under Md. Code Ann., Cts. & Jud. Proc. § 6-201 because Defendant is not domiciled or organized in Maryland.

**BACKGROUND – THE EQUAL CREDIT OPPORTUNITY ACT**

18. The Equal Credit Opportunity Act ("ECOA") prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction...on the basis of race, color, religion, national origin, sex, or marital status." 15 U.S.C. § 1691(a)(1).

19. The ECOA applies to any "creditor", defined as a "person who regularly extends, renews, or continues credit; any person who regularly arranges for the extensions, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e).

20. As part of the statutory scheme, credit applicants receive notice when they are denied, or receive less favorable terms, for credit. An applicant "against whom adverse action is taken shall be entitled to a statement of reasons for such an action from the creditor." 15 U.S.C. § 1691(d)(2).

21. An "adverse action" is "a denial or revocation of credit, a change in the terms of credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d).

22. Adverse actions notices must be sent "within thirty days . . . after receipt of a completed application for credit". 15 U.S.C. § 1691(d)(1).

23. ECOA has "the twin goals of consumer protection and education" *Fischl v. General Motors Acceptance Corp.,* 708 F.2d 143, 146 (4th Cir. 1983). The

9

notice provision of ECOA were added in 1976. Pub. L. No. 94-239 (1976).

Congress noted that the notice requirement

> fulfills a broader need: rejected credit applicants will now be able to learn where and how their credit status is deficient and this information should have a pervasive and valuable educational benefits. . . in those cases where the creditor may have acted on misinformation or inadequate information, the statement of reasons gives the applicant a chance to rectify the mistake.

S. Rep. No. 94-589, 94th Congress.

24. A claim for failure to send an adequate adverse action notice vindicates the right granted by Congress to know why the application was denied.

## FACTS

25. Plaintiff went to JWC's dealership on or about April 19, 2019.

26. Mr. Jaffe authorized JWC to submit credit applications in his name.

27. The sale was to be structured as a Retail Installment Sales Contract (RISC) between Mr. Jaffe and JWC, made in the expectation that the RISC would be sold to a third-party lender .Santander received an application from JWC in the name of Mr. Jaffe on April 20, 2019.

28. Santander denied the credit application.

29. However, Santander sent an adverse action notice to Mr. Jaffe on July 14, 2019, nearly three months after the application was submitted. **EXHIBIT 1**.

30. As a direct and proximate result of Santander's failure to timely notify Mr. Jaffee of its credit decision, he was not informed in the statutory period required by Congress and could not take action to timely seek alternative finance options which would have been cheaper and less expensive to him

10

over time.

## PROPOSED CLASS DEFINITION

31.    Plaintiff brings claims on behalf of himself and a class of similarly situated

persons, pursuant to Md. Rule 2-231:

32.    Plaintiffs proposes the following class definition for the SANTANDER CLASS:

> All natural persons with addresses within the State of Maryland who (i) applied for auto financing credit from SANTANDER in the five-year period before the commencement of this action either directly or through a third party, including JWC, and (ii) SANTANDER provided the individual a written notice, in a form similar to **EXHIBIT 1**, more than thirty days after SANTANDER received the application and the written notice declined the application for credit.

33.    Excluded from of the putative class are any person who falls within the

definitions if the person is (i) an employee or independent contractor of the

Defendants; (ii) a relative of an employee or independent contractor of the

Defendants; or (iii) an employee of the Court where this action is pending.

## CLASS ALLEGATIONS

34.    This action is brought as a Class Action under Md. Rule 2-231(b) and Md.

Rule 2-231(c)(3).

35.    Mr. Jaffe proposes to act as the representative for the Class.

36.    *Ascertainability*. The particular members of the Class are capable of being

described without difficult managerial or administrative problems. The

members of the Class are readily identifiable from the information and records in the possession, custody or control of the Defendant. On information and belief, the Defendant maintains electronic records that track information about applicants and their applications and loans, an any correspondence sent to borrowers to enable them to identify particular categories of borrowers within their electronic records. Defendant SANTANDER also publicly states that it complies with the ECOA and in order to comply, it must establish systems of records to demonstrate its compliance to public enforcement agencies upon inspection.

37. *Numerosity*. Upon information and belief, the class is sufficiently numerous and exceeds 100 persons and that individual joinder of all members is impractical. This belief is based upon public records and disclosures related to SANTANDER's business which reveal that it services thousands of credit transactions nationwide and hundreds in Maryland but does not acquire every consumer, financial transaction it considers to extend, renew, or continue credit.

38. *Commonality*. There are questions of law and fact common to each class which predominate over any questions affecting only the individual members of each class.

39. The Common Issues for the SANTANDER CLASS are:

   a. the nature, scope and operation of SANTANDER's obligations to consumer borrowers under its auto finance business that purchases auto loans on the secondary market for the purpose of continuing the credit arrangements for borrowers related to ECOA;

12

b. whether SANTANDER's failure to provide a timely, written acknowledgement of its decision whether to acquire borrower's credit accounts and continue the credit extended of the members of the SANTANDER CLASS within thirty days of an application is a violation of SANTANDER's duty of good faith and fair dealing to the ECOA Class;

c. whether SANTANDER's conduct violates ECOA and its implementing regulations;

d. whether there are more than 50 borrowers who are members of the SANTANDER CLASS;

e. whether SANTANDER should be enjoined from continuing to access the credit information for consumer borrowers, directly or indirectly, concerning SANTANDER CLASS members without providing timely acknowledgement of its decision related to whether or not to continue the credit relationship;

f. whether SANTANDER's violation of ECOA entitles the SANTANDER CLASS to statutory damages and nominal actual damages related to the transmission of untimely notices of its decision to continue the credit of the class borrowers; and

g. whether Class Counsel should be entitled to the attorney fees, litigation costs, and court costs allowed and claimed in this civil action.

40.    The Plaintiff's claims are the same as each member of the Class and are based on the same legal and factual theories. Plaintiff's claims are typical. There is nothing unusual about the Plaintiff to warrant a material difference between Plaintiff's claims and the claims of the members of the class.

41. Defendant's likely defenses are and will be typical of and the same or identical for each of the Class Members and will be based on the same legal and factual theories. There are no valid unique defenses.

42. *Adequacy.* The named Plaintiff will fairly and adequate represent and protect the interests of the Class. The named Plaintiffs have retained counsel who are experienced in consumer litigation and who have been appointed as class counsel in a number of class actions asserting claims under consumer protection laws.

43. The named Plaintiffs do not have any interests antagonistic to that of the Classes.

44. *Superiority.* A Class Action is superior to other methods for adjudication of the class members' claims. If each case were litigated separately, each class members' individual claims would likely be limited to statutory damages which may be difficult to efficiently pursue on an individual basis. The class members are likely to be in financial difficulty – since they are the targets of debt collection activity. Their lack of financial resources will also make individual cases disadvantageous. It will also further the enforcement of remedial consumer protection laws.

45. The members of each Class have suffered damages, losses, and harm similar those sustained by the Plaintiffs and described above. In addition, the Plaintiffs and the members of each Class were denied a timely adverse action notice and information required under ECOA. As a result, they were denied the opportunity to investigate more meaningfully the circumstances related to their finance arrangements. Plaintiff and Class Members were denied access to the

14

timely information and sustained the type of harm Congress sought to prevent by providing timely disclosure under ECOA. The Class members and Plaintiff are also entitled to statutory, punitive damages under ECOA.

### COUNT I – VIOLATION OF ECOA
### (James Jaffe v. Santander)
### (Class Claim on behalf of the SANTANDER CLASS)

46.    Plaintiff repeats the foregoing allegations as though fully set forth here.

47.    Plaintiff James Jaffe and all members of the SANTANDER CLASS are "applicants" as defined by 15 U.S.C. § 1691a(b).

48.    In relation to Mr. Jaffe and each member of the SANTANDER CLASS, SANTANDER is a "creditor as defined by 15 U.S.C. § 1691a(e) because it regularly extends credit or continues credit it acquires on the secondary auto finance market by and through JWC and other UNKNOWN DEALERS AND AGENTS

49.    15 U.S.C §1691(d)(1) provides that "within thirty days...after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application."

50.    Regulation B further provides: "A creditor shall notify an applicant of action taken within...30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application." 12 C.F.R §202.9(a)(1)(i).

51.    The term "credit" means the right granted by a debtor to defer payment of a debt or to incur debts and defer its payment...and defer payment thereof. 15 U.S.C. § 1691a(d); 12 C.F.R. §202.2(j).

52.    Mr. Jaffe and each member of the SANTANDER CLASS completed a credit

application and/or one was completed on their behalf by JWC or other UNKNOWN DEALERS AND AGENTS of SANTANDER in connection with their purchase of their vehicles.

53.   JWC submitted Mr. Jaffe's credit application to SANTANDER on or about April 19, 2019 for the purpose of continuing the Plaintiff's credit on the secondary market through SANTANDER. JWC and UNKNOWN DEALERS AND AGENTS also submitted the SANTANDER CLASS member applications to SANTANDER within the five years before the commencement of this action for the purpose of continuing the SANTANDER CLASS members' credit on the secondary market.

54.   The untimely denial of credit in SANTANDER's July 14, 2019 letter described herein related to the Plaintiff (**EXHIBIT 1**) constituted an "adverse action" as the phrase is defined in the ECOA, 15 USC §1691(d).  SANTANDER also sent similar untimely, credit denial letters to the SANTANDER CLASS members which also constituted an "adverse action" as the phrase is defined in the ECOA, 15 USC §1691(d).  Therefore, the Plaintiff and the SANTANDER CLASS members are aggrieved applicants.

55.   In failing to timely notify the Plaintiff and the SANTANDER CLASS members' applications for credit in a manner required by the federal and state regulations, SANTANDER effectively denied the ECOA Class members credit. *Piotrowski v. Wells Fargo Bank, N.A.*, No. CIV.A. DKC 11-3758, 2013 WL 247549, at *9 (D. Md. Jan. 22, 2013)("Failing to act on an application for credit is a *de facto* denial").

56.   The above failure of SANTANDER to notify and acknowledge in writing to the

16

SANTANDER CLASS members and Plaintiffs within thirty days from receipt of their completed application for credit as mandated by 15 U.S.C §1691(d)(1) and 12 C.F.R §202.9(a)(1)(i) was a substantive violation of ECOA.

57. Under the provisions of the ECOA, SANTANDER was required to give notice to Plaintiff and the SANTANDER CLASS members of its decision on their credit applications within 30 days of receipt, Reg. B § 1002.9(g).

58. SANTANDER failed or refused to provide timely written notice to Plaintiff and the SANTANDER CLASS members within thirty (30) days in violation of 15 USC §1691d. As a result, SANTANDER acted in bad faith, unfairly, and otherwise improperly in relation to its duties under the ECOA.

59. SANTANDER, at all times relevant and material to this action, was and continues to be required to maintain such records or other data relating to such loans of the Plaintiffs and SANTANDER CLASS members as may be necessary to evidence compliance with ECOA or to enforce any action pursuant to the authority under the Act, 15 U.S.C § 1691b.

60. As a result of the above ECOA violations, the Mr. Jaffe and SANTANDER CLASS has suffered substantial actual damages in the following:

   a. the loss of the right to know in a timely fashion whether credit has been denied, and the reasons for the denial;

   b. loss of the right to explain or quickly rectify and address any errors or problems in their applications for credit;

   c. the loss of the credit itself; and

   d. frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

17

61. As a result of the above alleged ECOA violations, SANTANDER is liable to the Plaintiff and the SANTANDER CLASS for actual damages pursuant to 15 U.S.C. §1691(e)(a), for punitive damages against SANTANDER pursuant to 15 U.S.C. §1691e(b) and for attorney's fees and costs pursuant to 15 U.S.C. §1691(e)(d) and 12 C.F.R. §202.16(b).

**WHEREFORE,** the Mr. Jaffe seeks the following relief on each and every count:

A. That the court certify a Class, with the class definition given above or as amended, appoint Mr. Jaffe as Class representative and appoint his counsel as Class counsel;

B. That the court award actual damages of no less than $100 per Class Member pursuant to 15 U.S.C. § 1691e(a);

C. That the court award statutory punitive damages pursuant to 15 U.S.C. § 1691e(b);

D. That the court declare SANTANDER's conduct a violation of ECOA, insofar as it failed to provide timely notices to Mr. Jaffe and the SANTANDER CLASS members and require the timely delivery of ECOA notices in all future instances.

E. That the court award of costs, including reasonable attorney's fees, pursuant to 15 U.S.C. § 1691e(d);

F. Such other and further relief the nature of the Plaintiff's cause may require.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: September 3, 2020

By: _/s/ Peter A. Holland_____
Peter A. Holland
CPF# 9212160067
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
peter@hollandlawfirm.com

Emanwel J. Turnbull
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

_/s/ Phillip R. Robinson_
Phillip R. Robinson
Client Protection No. 0006210356
CONSUMER LAW CENTER LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com

*Counsel for Plaintiff*

## RULE 20-201 CERTIFICATION

I hereby certify that this filing does not contain any restricted information.

_/s/ Peter A. Holland_____
Peter A. Holland
CPF# 9212160067
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
peter@hollandlawfirm.com

**Santander Consumer USA**

P.O. Box 9105 Temecula, CA 92589-9105

Address Service Requested

JAMES JAFFE
10538 BEECHWOOD DR
WALDORF MD 20601-2987

C-02-CV-20-001693

07/14/2019

### Dear JAMES JAFFE,

Thank you for your recent application for the extension of credit through JACK WINEGARDNER CHEVROLET, INC.. After carefully reviewing your application, we regret that we are unable to approve the terms of your credit request. We have informed JACK WINEGARDNER CHEVROLET, INC. of the additional or different terms necessary for us to extend credit to you. Please contact JACK WINEGARDNER CHEVROLET, INC. regarding the specifics of your counter offer.

If you would like a statement of specific reasons why your application was denied, please contact us at our address or telephone number shown below within 60 days of the date of this letter. We will provide you with the statement of reasons in writing within 30 days after receiving your request. Please make sure to have your reference number available when you contact us.

Santander Consumer USA, Inc. | P.O. Box 660538 Dallas, TX 75266-9039
Telephone: (877) 219-9672

If we obtained information from a consumer reporting agency as part of our consideration of your application, its name, address and toll-free telephone number is shown below. The consumer-reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer-reporting agency.

You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. You can find out about the information contained in your file by contacting:

Experian, P.O. Box 2002 Allen, TX 75013, and (888) 397-3742
LexisNexis Risk & Information Analytics Group Inc., P.O. Box 105108 Atlanta, GA 30348-5108, and (866) 312-8076

We also obtained your credit score from Experian and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

Your credit score: ▇▇▇   Date: 04/20/2019

Scores range from a low of 250 to a high of 900
Key factors that adversely affected your credit score:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

If you have any questions regarding your credit score, you should contact Experian at P.O. Box 2002 Allen, TX 75013 or (888) 397-3742.

If you have any questions regarding this letter, you should contact us at:
Santander Consumer USA, Inc. | P.O. Box 660538 Dallas, TX 75266-9039
Telephone: (877) 219-9672

Sincerely,
Santander Consumer USA, Inc.

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Consumer Financial Protection Bureau (CFPB), 1700 G Street, NW, Washington, DC 20557 and the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.
© 2017 Santander Consumer USA, Inc. All rights reserved

SC-SER_23/310_092717