IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | |
|---|---|
| JAMES JAFFE,<br><br>               Plaintiff,<br>v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>          Defendants. | Case No. :20-CV-02905-ELH<br><br><br>**DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO CLASS ACTION COMPLAINT** |

Defendant Santander Consumer USA Inc. ("SC"), by and through its attorneys, Duane Morris LLP, hereby responds to the Class Action Complaint (the "Complaint") of Plaintiff James Jaffe ("Plaintiff"), as follows:

## INTRODUCTION

The allegations in the introduction of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

## PARTIES

1.      SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint except admits that it received a credit application from Plaintiff.

3.      SC denies the allegations in paragraph 3 of the Complaint.

4.      The allegations in paragraph 4 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

5.      The allegations in paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

6.      SC denies the allegations in paragraph 6 of the Complaint.

7.      SC denies the allegations in paragraph 7 of the Complaint.

8.      The allegations in paragraph 8 of the Complaint call, in part, for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations. The allegations contained in paragraph 8 of the Complaint also refer to language allegedly found on SC's website. SC refers to its website for a complete and accurate recitation of the alleged language.  SC denies any inaccurate characterization thereof.

9.      SC denies the allegations in paragraph 9 of the Complaint.

10.     SC denies the allegations in paragraph 10 of the Complaint.

11.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint except admits only that "other unknown dealers and agents" are not named parties to this action and that SC provides consumer auto financing through assignment of retail installment sales contracts from auto dealers other than Jack Weingardner Chevrolet, Inc.

12.     SC admits that RouteOne LLC ("RouteOne") is not named as a party to this action.

a.      SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12a of the Complaint except admits that RouteOne is a service provider in the auto finance industry that, among other things, provides an electronic auto financing credit application portal to facilitate auto financing transactions involving auto dealers and lenders.

b.      SC denies the allegations contained in paragraph 12b of the Complaint except admits that auto dealers utilize RouteOne's electronic platform to facilitate auto financing transactions involving lenders.

c.      SC denies the allegations contained in paragraph 12c of the Complaint except admits that lenders utilize RouteOne's electronic portal to facilitate auto financing transactions.

d.      SC denies the allegations contained in paragraph 12d of the Complaint except admits that electronic data related to proposed auto financing transactions are transmitted to and from SC through RouteOne's electronic portal.

e.      SC denies the allegations contained in paragraph 12e of the Complaint.

13.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint except admits that Dealertrack, Inc. ("Dealertrack") is not named as a party to this action.

a.      SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13a of the Complaint except admits that Dealertrack is a service provider in the auto finance industry that, among other things, provides an electronic auto financing credit application portal to facilitate auto financing transactions involving auto dealers and lenders.

b.      SC denies the allegations contained in paragraph 13b of the Complaint except SC admits that auto dealers utilize Dealertrack's electronic platform to facilitate auto financing transactions involving lenders.

c.     SC denies the allegations contained in paragraph 13c of the Complaint except admits that lenders utilize Dealertrack's electronic portal to facilitate auto financing transactions.

d.     SC denies the allegations contained in paragraph 13d of the Complaint except admits that electronic data related to proposed auto financing transactions are transmitted to and from lenders through Dealertrack's electronic portal.

14.    SC denies the allegations contained in paragraph 14 of the Complaint except SC admits that TransUnion LLC, Experian Information Solutions Inc., and Equifax Information Service, LLC (collectively, the "Credit Reporting Agencies") are not named as parties to this action and admits that it has entered into agreements with the Credit Reporting Agencies with respect to accessing and furnishing credit information. The remaining allegations of this paragraph and subparagraphs (a) through (f) purport to characterize the agreements between SC and the Credit Reporting Agencies, which speak for themselves, and SC denies any inaccurate characterization thereof.

## JURISDICTION

15.    The allegations in paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

16.    The allegations in paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

17.    The allegations in paragraph 17 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

## BACKGROUND – THE EQUAL CREDIT OPPORTUNITY ACT

18.    The allegations in paragraph 18 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

4

19.     The allegations in paragraph 19 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

20.     The allegations in paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

21.     The allegations in paragraph 21 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

22.     The allegations in paragraph 22 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

23.     The allegations in paragraph 23 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations.

24.     The allegations of paragraph 24 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SC denies the allegations.

## FACTS

25.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except admits it received a credit application from Plaintiff.

28.     SC denies the allegations of paragraph 28 of the Complaint except admits it sent Plaintiff a notice on or about July 14, 2019 regarding Plaintiff's credit application and otherwise refers to the notice for a complete and accurate recitation of the alleged language.  SC denies any inaccurate characterization thereof.

DM1\11502527.1

29.     SC denies the allegations of paragraph 29 of the Complaint except admits it sent Plaintiff a notice on or about July 14, 2019 regarding Plaintiff's credit application and otherwise refers to the notice for a complete and accurate recitation of the alleged language.  SC denies any inaccurate characterization thereof.

30.     SC denies the allegations in paragraph 30 of the Complaint.

## PROPOSED CLASS DEFINITION

31.     SC denies the allegations in paragraph 31 of the Complaint.

32.     SC denies the allegations in paragraph 32 of the Complaint.

33.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

## CLASS ALLEGATIONS

34.     The allegations in paragraph 34 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies the allegations

35.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     SC denies the allegations in paragraph 36 of the Complaint.

37.     SC denies the allegations in paragraph 37 of the Complaint.

38.     SC denies the allegations in paragraph 38 of the Complaint.

39.     SC denies the allegations in paragraph 39 of the Complaint.

40.     SC denies the allegations in paragraph 40 of the Complaint

41.     SC denies the allegations in paragraph 41 of the Complaint.

42.     SC denies the allegations in paragraph 42 of the Complaint.

43.     SC denies the allegations in paragraph 43 of the Complaint.

44.     SC denies the allegations in paragraph 44 of the Complaint.

45.     SC denies the allegations in paragraph 45 of the Complaint.

## COUNT I – VIOLATION OF ECOA
### (James Jaffe v. Santander)
### (Class Claim on behalf of the SANTANDER CLASS)

46.     SC repeats and reasserts its responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.     SC denies the allegations in paragraph 47 of the Complaint.

48.     SC denies the allegations in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies any and all allegations in paragraph 49 of the Complaint which are inconsistent with the language of 15 U.S.C. § 1691(d)(1).

50.     The allegations in paragraph 50 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies any and all allegations in paragraph 50 of the Complaint which are inconsistent with the language of 12 C.F.R. § 202.9(a)(1)(i).

51.     The allegations in paragraph 51 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, SC denies any and all allegations in paragraph 51 of the Complaint which are inconsistent with the language of 15 U.S.C. § 1691a(d) and 12 C.F.R. § 202.2(j).

52.     SC denies the allegations in paragraph 52 of the Complaint.

53.     SC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54.     SC denies the allegations in paragraph 54 of the Complaint.

55.     SC denies the allegations in paragraph 55 of the Complaint.

DM1\11502527.1

56.    SC denies the allegations in paragraph 56 of the Complaint.

57.    SC denies the allegations in paragraph 57 of the Complaint.

58.    SC denies the allegations in paragraph 58 of the Complaint.

59.    SC denies the allegations in paragraph 59 of the Complaint.

60.    SC denies the allegations in paragraph 60 of the Complaint.

61.    SC denies the allegations in paragraph 61 of the Complaint

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against SC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiff were the result of conduct of persons or entities over whom SC had no control or responsibility and for whose conduct SC is not liable.

### THIRD AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiff were caused, in whole or in part, by Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against SC are barred because SC at all times acted lawfully and in good faith and in compliance with all applicable statutory and regulatory requirements.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not been damaged as a result of any act or omission by SC.

DM1\11502527.1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to demonstrate that the requirements for maintenance of a class action under Fed. R. Civ. P. 23 have been met and, therefore, Plaintiff should not be allowed to maintain the present action as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against SC may be barred or limited by the doctrines of release and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against SC may be barred or limited by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against SC for punitive damages are limited by 15 U.S.C. § 1691e(b).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's class claims against SC are limited by the limitation period set forth in 15 U.S.C. § 1691e(f).

## ELEVENTH AFFIRMATIVE DEFENSE

SC incorporates by reference, as if fully set forth herein, all defenses, both affirmative and otherwise, asserted by all other answering defendants.

## TWELFTH AFFIRMATIVE DEFENSE

SC expressly reserves the right to raise any other defenses that may become available in the litigation and reserves its right to amend the answer to assert further defenses.

**WHEREFORE**, SC seeks judgment in its favor and dismiss Plaintiff's claims against SC with an award of costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

DM1\11502527.1

Dated: Ocotober 29, 2020

/s/Laurie G. Furshman
Laurie G. Furshman (Federal Bar No. 29604)
Duane Morris LLP
100 International Drive, Suite 700
Baltimore, MD 21202
410-949-2943
410-510-1274 (fax)
lgfurshman@duanemorris.com

Robert J. Brener
(Not admitted in Maryland; motion for *pro hac*
admission to be filed)
Duane Morris LLP
1037 Raymond
Boulevard Seventeenth
Floor
Newark, New Jersey 07102
*Attorneys for Santander Consumer USA Inc.*

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this 29th day of October 2020, a copy of the foregoing

was filed and served *via* ECF on the following:

Peter A. Holland
Emanwel J. Turnbull
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste. 230
Annapolis, MD 21403

*Attorneys for Named Plaintiff and the Proposed Class*


                                     */s/ Laurie G. Furshman*
                                     Laurie G. Furshman

DM1\11502527.1